```
LOUIS P. DELL, ESQ. (SBN 164830)
LAW OFFICE OF LOUIS P. DELL
715 South Victory Blvd.
Burbank, CA 91502
(818) 478-2822 (Office)
(818) 436-5966 (Fax)
e-mail: ldell@louisdell.com

Attorney for Plaintiff,
CARL GRISSOM SR.
```

FILED
12 NOV 28 AM 10: 13
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

# IN THE UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL GRISSOM SR.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>EHMAN COUNTS,<br>COUNTS LAW FIRM, PC.,<br><br>　　　　Defendants. | CASE NO.<br><br>**CV12-10132 SH**<br><br>**COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL** |

　　Plaintiff, CARL GRISSOM, alleges:

## INTRODUCTION

　　1.　This is an action for damages, attorney fees and costs brought pursuant to the Fair Debt Collection Practices Act (FDCPA) [15 U.S.C. § 1692, *et seq.*] which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

　　2.　The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors" in addition to ensuring that "those debt collectors who refrain from abusive practices are not competitively disadvantaged." 15 U.S.C. 1692(e). Non-compliance with the regulations will subject the debt collector to liability. 15 U.S.C. § 1692k.

## JURISDICTION

3. This court has jurisdiction under the provisions of FDCPA, 15 U.S.C. § 1692k(d).

## PARTIES

4. Plaintiff, CARL GRISSOM SR., is a resident of Los Angeles County, California. The plaintiff is a consumer within the definition of Title 15, United States Code, § 1692a(3) which means any natural person obligated or allegedly obligated to pay any debt.

5. Defendant, EHMAN COUNTS, is an attorney, licensed by the State of Califor鸣, who maintains a law practice within Los Angeles County, California. This defendant is a debt collector within the definition of Title 15, United States Code, § 1692a(6). As a debt collector, this defendant's business includes the collection of any debts, or is one which regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6. Defendant, COUNTS LAW FIRM, PC., is a California corporation with its principle place of business in Pasadena, California, County of Los Angeles. This defendant is a debt collector within the definition of Title 15, United States Code, § 1692a(6). As a debt collector, this defendant's business includes the collection of any debts, or is one which regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. Plaintiff is informed and believes that EHMAN COUNTS is an owner/operator of COUNTS LAW FIRM, PC. Defendants EHMAN COUNTS and COUNTS LAW FIRM, PC. are referred to collectively as "Counts."

## FACTUAL ALLEGATIONS

8. The Counts defendants maintain a website (http://countslawfirm.com/collections_litigation_attorney.php) wherein Counts holds itself out as a debt collection law firm representing individuals, professionals, and small business that need to collect money for unpaid services, goods, or loans.

Complaint for Damages and Demand for Jury Trial

9. On June 30, 2011, a civil lawsuit styled *Maria Cora Ramirez v. Carl Grissom Sr., et. al.*, LASC case no. GC 047633, was filed in the Los Angeles Superior Court (hereinafter, "civil action") On October 31, 2011 a judgment was entered against Plaintiff Carl Grissom Sr. in the amount of $71,210.26.

10. The Counts defendants prosecuted the civil action on behalf of Maria Cora Ramirez from the filing of it through judgment, and continuing with post-judgment enforcement activities on behalf of the judgment creditor, Maria Cora Ramirez.

11. On November 14, 2011, Plaintiff filed for a Chapter 7 bankruptcy in the United States Bankruptcy Court, Central District of California, *In re Carl Grissom*, 6:11-bk-44887-SC. The filing of the bankruptcy action stayed all enforcement actions by creditors, including the aforementioned civil action.

12. On February 3, 2012, Counts prepared and filed a writ of execution, a memorandum of costs, and an abstract of judgment in the civil action. On February 16, 2012, an abstract of judgment issued, which stated that the total amount of judgment as entered is $71,210.26.

13. Counts prepared and filed an application for an Earnings Withholding Order and on February 16, 2012 obtained an order to collect on the judgment in the civil action. Counts had the Earnings Withholding Order served on Plaintiff's employer, the County of Los Angeles.

14. On February 23, 2012, Plaintiff was granted a complete Chapter 7 discharge of all debts pursuant to 11 U.S.C. § 727.

15. On or about March 1, 2012, a notice of the Earnings Withholding order was served on the Plaintiff. Plaintiff immediately hired legal counsel who, on March 1, 2012, delivered to Counts a notice of the Chapter 7 discharge along with a cover letter requesting that all Earnings Withholding Orders and all other levies and garnishments, including but not limited to abstracts and all other instruments recorded in the enforcement of the judgment be withdrawn and/or removed.

**Complaint for Damages and Demand for Jury Trial**

16. On March 5, 2012, Counts delivered to plaintiff's counsel a collection letter titled "NOTICE OF DEBTOR PERJURY . . ." The letter acknowledged receipt of notice of discharge and the March 1, 2012 letter from plaintiff's counsel and went on to state in pertinent part, "we invite you to contact Mr. Grissom and counsel him to comply with his earnings withholding order, make alternative arrangements for satisfaction of the judgment . . ."

17. On or about March 13, 2012, COUNTS had the abstract of judgment recorded as an involuntary lien on plaintiff's real property in the County of San Bernardino, recorder document no. 20120098480. A notice of the recorded abstract was mailed to Plaintiff around that date.

18. As of the filing of the instant lawsuit, Counts continues to refuse to remove the abstract of judgment.

19. As a direct and proximate result of the above-described acts and omissions by defendant, the plaintiff suffered serious emotional distress, including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

20. As a further direct and proximate result of the acts, omissions, and consequences thereof, the plaintiff has sustained statutory and actual damages including emotional distress and pecuniary loss. Plaintiff has suffered humiliation, emotional distress, embarrassment, pain and suffering, damages to his credit rating, the inability to obtain credit and/or inability to obtain credit at an interest rate or at terms he would have been able to obtain had defendant not so acted. He has abstained from applying for credit, and/or had adverse action taken on existing credit accounts and/or was denied credit.

21. Plaintiff is entitled to attorney fees and costs pursuant to 15 U.S.C. § 1692k.

# FIRST CLAIM

(Federal FDCPA Claim)

22. Plaintiff repeats and realleges the allegations of paragraphs 1 through 21 of this complaint.

23. The FDCPA, 15 U.S.C. § 1692e states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken."

    a. On February 3, 2012, while the bankruptcy stay was in effect, Counts was not legally able to make a writ of execution, a memorandum of costs, and an abstract of judgment in the civil action.

    b. On or about March 13, 2012, after being notified of the Chapter 7 discharge, Counts had the abstract of judgment recorded as an involuntary lien on plaintiff's real property in the County of San Bernardino, recorder document no. 20120098480.

    c. The refusal to remove the abstract of judgment constituted a continuing threat.

24. Each of the above actions constituted a threat of action which could not legally be taken.

25. The FDCPA, 15 U.S.C. § 1692d prohibits engaging in any conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The following actions violated this section:

    a. The preparation, filing, recording, and service of writ of execution, memorandum of costs, abstract of judgment, application for an Earnings Withholding Order while the bankruptcy stay was in effect or after Counts was notified of the Chapter 7 discharge.

    b. The delivery by Counts to plaintiff's counsel a collection letter

**Complaint for Damages and Demand for Jury Trial**

titled "NOTICE OF DEBTOR PERJURY . . ." Which inviting counsel to contact Mr. Grissom and counsel him to comply with his earnings withholding order, make alternative arrangements for satisfaction of the judgment.

    c.    Refusing to remove the lien.

WHEREFORE, the plaintiff prays judgment in his favor against the defendants as follows:

## FOR THE FIRST CLAIM:

As against EHMAN COUNTS, and COUNTS LAW FIRM, PC.

jointly and severally:

1. For each violation: actual damages sustained by the plaintiff in addition to damages of not less than $1,000, whichever is greater;
2. Reasonable attorney fees;
3. Costs of suit; and
4. For such further relief as the court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: November 27, 2012

LAW OFFICE OF LOUIS P. DELL

Louis P. Dell, Esq.
Attorney for Plaintiff,
CARL GRISSOM SR.

Complaint for Damages and Demand for Jury Trial